SOUTHEASTERN DISPLAYS, INC. and William R. Vaughn, Appellants,

v.

LOUISVILLE & JEFFERSON COUNTY BOARD OF ZONING ADJUSTMENTS, Jefferson County Department of Building Inspection, and Mike Ward, Appellees.

Court of Appeals of Kentucky.

Jan. 5, 1979.

I. G. Spencer, Jr., Louisville, for appellants.

Alex F. Talbott, Louisville, for appellees.

Before HOWERTON, REYNOLDS, and VANCE, JJ.

HOWERTON, Judge.

This appeal is from a judgment of the Jefferson Circuit Court affirming a decision of the Louisville and Jefferson County Board of Zoning Adjustment upholding a cease and desist order issued against the appellants for the nonconforming use of their property in a C–1 zone by having a warehouse and storage yard. Appellants contend that the Board erred by concluding that (1) the storage of materials was not an accessory use to the primary use as a sales office, (2) that there was insufficient evidence to support the Board's findings, and (3) the cease and desist order should have been limited to the exterior storage.

The structure in question was built in two stages. The original building was a small frame structure with a brick veneer, and according to the appellants, this is office space. Immediately to the rear of the office building is a somewhat larger storage building which is used to house the materi-als that Southeastern uses in its outdoor sign business. From the photographs introduced into evidence, it is also clear that the yard area was used to store some of the sign material.

The first issue the Board was faced with was whether Southeastern's primary use of the property was as a sales office or as storage space for its material. Testimony was given by a zoning enforcement officer that on six occasions when he visited the property he never saw anyone working in the office. Mr. Spencer, counsel for appellants, testified that, "Insofar as utilization of the office premises, it's utilized for storage, records, and business equipment. It is also used by the salesman for Southeastern who does his business from this location . . . .." The Board concluded that the premises were used primarily as storage and warehouse facilities and only incidentally as office space. Because the area is zoned C–1, which does not permit storage or warehouse operations as primary uses, the Board concluded that appellants were in violation of the zoning regulations.

Appellants contend that storage of the sign material and equipment is necessarily incidental to the sales office. However, as appellees have argued, the simple fact that an office is maintained does not qualify a structure for C–1 zoning. If it did, there would be no distinction between commercial enterprises with offices and industrial enterprises with offices. For the purpose of zoning regulations, distinctions must be drawn between primary and incidental uses, and in this case we agree that the Board drew the correct distinction.

Appellants' next contention is that there was insufficient evidence to support the Board's finding that the primary use of the property was a warehouse. Our review is limited to determining whether the evidence was of relevant consequence, having the fitness to induce conviction in the minds of reasonable men. *Kentucky State Racing Commission v. Fuller*, Ky., 481 S.W.2d 298 (1972). The testimonies of the zoning enforcement officer and Mr. Spencer, and the

photographs submitted at the public hearing, provided substantial evidence for the Board to find that the primary use of the property was for storage.

■ Appellants' final argument is that, assuming that there was substantial evidence to support the cease and desist order as to the exterior storage, there was insufficient evidence to support the order as to the interior storage. No photographs were taken of the interior of the structures, but the testimony of the zoning enforcement officer and Mr. Spencer provided substantial evidence as to the use of the interiors in order for the Board to find that the primary use was for storage. The cease and desist order need not have been limited to the exterior storage areas.

During oral argument our attention was called to the recent decision in *Board of Adjustments of the City of Richmond, Kentucky, et al. v. Flood, et al.*, Ky., 25 Ky. L.Summ. 15 (November 21, 1978), which went so far as to hold that joinder of the local planning commission in all appeals from decisions of a board of adjustment is essential for a circuit court to acquire jurisdiction of the appeal. The question of lack of jurisdiction was never mentioned by either party until this final stage of the litigation, but the question of jurisdiction may be raised at any time. Perhaps our proper course should be to dismiss the appeal rather than affirm the judgment, but the result to the appellant is the same.

The judgment of the circuit court is affirmed.

All concur.